UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISING , LLC, DD IP HOLDER LLC, BASKIN-ROBBINS FRANCHISING, LLC, BR IP HOLDER LLC and DB REAL ESTATE ASSETS I, LLC,<br><br>Plaintiffs,<br><br>- vs. -<br><br>CLAUDIA I, LLC, MANFRED P. MAROTTA and LYNN K. MAROTTA,<br><br>Defendants. | C.A. NO.: 12-2010 |

## AMENDED COMPLAINT

This is an action for breach of franchise agreement awarded by Plaintiffs to Defendants and its personal guarantors. Plaintiffs seek to recover the unpaid financial obligations due from Defendants under their franchise agreement ("Franchise Agreement") and sublease. Plaintiffs seek monetary judgments against Defendants, a judgment for possession, and if necessary, injunctive relief, and in support thereof state the following:

### PARTIES

1. Plaintiff Dunkin' Donuts Franchising, LLC, the successor in interest to Dunkin' Donuts Incorporated ("Dunkin'"), is a Delaware limited liability company with its principal place of business in Canton, Massachusetts. Dunkin' is engaged in the business of franchising independent business persons to operate "Dunkin' Donuts" shops throughout the United States. Dunkin' franchisees are licensed to use trade names, service marks, and trademarks of Dunkin' and to operate under the Dunkin' system, which involves the production, merchandising, and sale of donuts and related products utilizing a specially designed building with special

13869297.3

equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.

2. DD IP Holder, LLC and BR IP Holder, (collectively, "Holder") are Delaware limited liability companies with their principal place of business in Massachusetts and are the registrant of famous DUNKIN' DONUTS trademarks, serial number 76266479, and BASKIN ROBBINS trademarks, for example, at the United States Patent and Trademark Office. Holder is the owner of other intellectual property licensed to its affiliates, which in turn sublicense intellectual property to its franchisees.

3. Baskin-Robbins Franchising, LLC, successor in interest to Baskin-Robbins USA Co. ("Baskin"), is Delaware limited liability company with a principal place of business in Canton, MA and franchises the "Baskin Robbins" brand.

4. DB Real Estate Assets I, LLC is a Delaware limited liability company with its principal place of business in Canton, Massachusetts, and is the sublandlord of the Dunkin' Donuts/Baskin-Robbins Shop PC No. 337575, with an address at 505 Old York Road, Jenkintown, PA 19040 pursuant to a Sublease dated December 20, 2002, which Claudia I, LLC assumed by Transfer Agreement dated July 16, 2009.

5. Business entity defendant CLAUDIA I, LLC is a Pennsylvania limited liability company with its principal place of business in Pennsylvania and is the operator and tenant of the Dunkin' Donuts /Baskin-Robbins Shop PC no. 337575 located at 505 Old York Road, Jenkintown, PA 19040 (the "location), pursuant to a Franchise Agreement and a Transfer Agreement dated July 16, 2009 by which it assumed the Sublease.

6. Defendants Manfred P. Marotta and Lynn K. Marotta are citizens and residents of the State of Pennsylvania, the owners of the entity Defendant, and personally guaranteed and agreed to perform the obligations under the Franchise Agreements and Sublease.

## VENUE AND JURISDICTION

7. Jurisdiction is also based on 28 U.S.C. §§ 1331 and 1338 as this action deals with trademark infringement. The court has supplemental jurisdiction over the state law claims of contract breach.

8. Venue is properly in this District pursuant to 28 U.S.C. § 1391(b).

9. This Court has *in personam* jurisdiction over Defendants because they are residents of this District who also conduct business in this District.

## The Parties' Rights and Obligations Under the Franchise Agreement

10. Dunkin' and/or Baskin-Robbins and the entity Defendant entered into a Franchise Agreement for the location, either directly, or by assignment.

11. Pursuant to the Franchise Agreement, the entity Defendants agreed to operate Dunkins' and/or Baskin-Robbins trade names, trademarks, trade dress, proprietary marks, as well as the Dunkin' and/or Baskin-Robbins system.

12. The individual defendants also executed a personal guarantee under which they agreed to perform and be bound by the obligations of entity Defendant under each Franchise Agreement.

13. The entity Defendant is licensed to use the Dunkin' and/or Baskin-Robbins trade name, and trade dress in accordance with the terms of its Franchise Agreement.

14. Under the terms of the Franchise Agreement, the entity Defendant agreed to do certain things, including accurately reporting on an approved form each week gross sales for the preceding calendar week, at which time all fees required to be paid were to be remitted (Paragraph 5.2.1).

15. The Franchise Agreement executed by the Defendant also contains acknowledgments and agreements by the Defendant concerning the continued use of Dunkin's

and/or Baskin-Robbins proprietary marks or any methods associated with the name "Dunkin'," or "Baskin-Robbins" after the termination of the Franchise Agreement.

16. The applicable paragraphs of the Franchise Agreement include that:

> FRANCHISEE acknowledges that Franchisors own a registered trademark; that said mark has been and is being used by their franchisees and licensees and that upon any termination or expiration of the Franchise;
>
> FRANCHISEE shall immediately cease to use, by advertising or in any other manner whatsoever, any feature or method associated with the Franchisor's System.

17. Pursuant to the Franchise Agreement, Defendant agreed it would pay to Franchisor all damages with interest, costs and expenses, including reasonable attorneys' fees, incurred by reason of any failure to make payments when due, failure to cure a default, or termination of any Franchise Agreement.

### **Defendants' Defaults Under Franchise Agreement and Sublease**

18. Entity Defendant has failed to pay when due all monies owed to Plaintiff Dunkin' Donuts Franchising LLC and Baskin Robbins Franchising under their Franchise Agreement and the Sublease DB Real Estate Assets I, LLC. Failure to pay amounts due under the sublease is a default under the Franchise Agreement.

19. Plaintiffs sent Defendant a Notice to Cure letter demanding that Defendants pay all monies due to Plaintiffs, because all Defendants guaranteed the obligations.

20. Defendants failed to timely cure their defaults.

21. Plaintiffs sent Defendants a Notice of Termination, placing Defendants on notice that the Franchise Agreement and Sublease were terminated, demanding that Defendants comply with their post-termination obligations to cease operating, and deliver possession of the premises upon the effective date of termination.

22. The Notice of Termination was based on the failure of Defendants to cure their monetary defaults.

23. Specifically each Defendant owed the following amounts estimated under their Franchise Agreement and Sublease as of April 3, 2012:

| | | |
|---|---|---:|
| a. | Dunkin' Fees | $2,483.71 |
| b. | Rent and Additional Rent | $63,287.39 |
| c. | Counsel fees | 643.50 |
| d. | Baskin Fees | <u>457.72</u> |
| | | $66,872.32 |

24. The amounts escalated to $91,907.99 as of June 8, 2012, and a supplemental notice of termination was issued on July 11, 2012.

25. Defendants also owe royalties, advertising fees and damages for post-termination operations.

## COUNT I
### (On behalf of Plaintiffs against all Defendants)
### (Breach of Franchise Agreement and Sublease)

26. Defendants are in default pursuant to their Franchise Agreement and Sublease as a result of the non-payment of the above amounts, and each Defendant is jointly and severally liable for the amounts unpaid under the Franchise Agreement and Sublease under either the terms of the Agreement, or under the language of the personal guaranty.

27. As a direct and proximate result of these breaches, Dunkin' and Baskin have incurred and are likely to incur substantial losses, fees, and expenses.

28. Defendants owe $91,907.99 under their Franchise Agreement and Sublease, jointly and severally, plus legal fees, interest and costs.

## COUNT II
### (Trademark Infringement) (Plaintiffs v. Defendants)

29. The preceding allegations are hereby incorporated by reference.

30. The franchise agreement of defendants is terminated.

31. Defendants' post-termination use of the Dunkin' Donuts and Baskin' trademarks, trade name, and trade dress is likely to confuse or deceive the public into believing, contrary to fact, that their shops are licensed, franchised, sponsored, authorized, or otherwise approved by

Dunkin'/Baskin' or is in some other way connected or affiliated with Dunkin'/Baskin'. Such unlicensed use infringes on Plaintiffs' exclusive rights in the trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

33. As a result of Defendants' actions, Plaintiffs have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damage in an amount that has yet to be determined.

### COUNT III
### (Unfair Competition) (Plaintiffs v. Defendants)

34. The preceding allegations are hereby incorporated by reference.

35. Defendants' use of Plaintiffs' trademark, trade name, and trade dress after the termination of the Franchise Agreement is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities. Such continued unauthorized use of the Plaintiffs' trademark and trade name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

37. As a result of Defendants' actions, Plaintiffs' have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT IV

### (Enforcement of Restrictive Covenant)
### (Dunkin' and Baskin v. Defendants)

38. The preceding allegations are incorporated by reference herein.

39. Each franchise agreement at paragraph 8 provides certain restrictions on Defendants' activities:

> **During the term of this Agreement, including any extension or renewal thereof, and for a period of two (2) years after expiration or termination of this Agreement, regardless of the cause of termination neither FRANCHISEE, nor any partner, officer, director, shareholder or member of FRANCHSIEE, as the case may be, shall:**
>
> **… own, maintain, engage in, be employed by, or have any interest in any other business which sells or offers to sell the same or substantially similar products to the type FRANCHISOR requires to be offered by FRANCHISEE at the Unit; provided that, during the Post-Term Period only, the provisions of this paragraph 8.0.3 shall not apply to another business located more than five (5) miles from this or any other unit operating under the same Proprietary Marks of FRANCHISOR.**

40. Plaintiffs will be immediately and irreparably harmed by violation of these activity restrictions as Defendants' violation will usurp the good will associated with the proprietary marks and confidential information contained and used in Plaintiffs' franchise systems at this location.

WHEREFORE, Plaintiffs request that this Court:

A. Enter judgment in favor of Plaintiffs against Defendants for the damages incurred by Plaintiffs as a result of Defendants' actions in the amount of $66,872.32;

B. Award Plaintiffs exemplary or punitive damages against Defendants as a result of their actions;

C. Award Plaintiffs' judgment against Defendants for the damages Plaintiffs' have sustained and the profits Defendants have derived as a result of their trademark infringement and unfair competition, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

D. Enter an order enjoining Defendants, and all those acting in concert with them, by preliminary and permanent injunction, from using the Plaintiffs' trademark, trade name, good will and trade dress, and from otherwise engaging in unfair competition with Plaintiffs' at this location;

E. Enter an order directing Defendants to comply with all obligations of a franchisee upon termination of the franchise, as provided in the Franchise Agreement;

F. Award Plaintiffs' prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

G. Award Plaintiffs their costs and attorneys' fees incurred in connection with this action;

H. Award judgment in favor of Plaintiff DB Real Estate Assets I, LLC and against Defendant Claudia I, LLC for possession of the retail outlet at 505 Old York Road, Jenkintown, PA 19040.

I. Award Plaintiffs such other relief as this Court may deem just and proper.

Respectfully submitted,

**NIXON PEABODY LLP**

By: _/s/ Craig R. Tractenberg_
Craig R. Tractenberg (CT 6759)
Pa. ID No. 34636
437 Madison Avenue
New York, NY 10022
(212) 940-3722

Attorneys for Plaintiffs,
Dunkin' Donuts Franchising, LLC, DD IP Holder LLC, BR IP Holder LLC, Baskin'-Robbins Franchising, LLC and DB Real Estate Assets I, LLC

Dated: September 10, 2012