IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUNKIN' DONUTS FRANCHISING, LLC, et al., | : : | CIVIL ACTION |
| Plaintiffs, | : : | No. 12-2010 |
| v. | : : | |
| CLAUDIA I, LLC et al., | : | |
| Defendants, | : : | |
| *and* | : : | |
| CLAUDIA I, LLC et al., | : | |
| Third Party Plaintiffs, | : : | |
| v. | : : | |
| SPRING HILL REALTY, INC., | : | |
| Third Party Defendant. | : | |

MEMORANDUM

**MCHUGH, J.**                                                                                                      **DECEMBER 12, 2014**

**Overview**

The parties in this case have filed several briefs disputing the attorneys' fees to be awarded following this Court's October 20, 2014 decision on the merits of the parties' claims. The Plaintiffs (collectively, "Dunkin'") filed a motion seeking "an award of counsel fees and expenses of $203,803.34" against the Defendants (hereinafter "Claudia I"). Declaration of Craig R. Tractenberg ¶ 4. The Third Party Defendant Spring Hill Realty filed its own motion seeking an award of $63,257.33 against the Defendants/Third Party Plaintiffs. Certification of Joshua J. Knapp ¶ 3.

The Defendants responded in opposition to both requests.  Claudia I argued that the amount of Dunkin's request was unreasonable because the billing rate of Dunkin's lead attorney was much higher than the rate Spring Hill's lead attorney charged.  Claudia I also contested whether Spring Hill should be able to recover any fees from Claudia I at all.  Claudia I pointed out that Spring Hill maintained it had no contractual privity with Claudia I throughout the litigation.  According to Claudia I, Spring Hill should not now be able to argue that Claudia I is bound by any indemnity agreement in Spring Hill's Prime Lease with Dunkin'.

Dunkin', anticipating Spring Hill's next motion, then filed a brief arguing that Dunkin' should not be required to pay Spring Hill's legal fees.  The indemnity agreements between Dunkin' and Spring Hill, according to Dunkin', did not allow Spring Hill to recover fees in the current circumstances.

Finally, Spring Hill filed a motion making two arguments.  First, Spring Hill offered the argument that the Prime Lease between Spring Hill and Dunkin' obligate Dunkin' to pay Spring Hill's legal fees.  Second, Spring Hill asked the Court, if it finds contractual privity between Spring Hill and Claudia I, to impose Spring Hill's fees on Claudia I.

**Dunkin's Request for Fees**

Claudia I contests the reasonableness of the fees Dunkin' claims.  Dunkin' claims a total of $203,803.34 in fees and expenses.  These fees and expenses include an hourly rate for Dunkin's lead attorney of $495 an hour.  Claudia I insists this rate is excessive in relation to the scope of the case.  Instead, Claudia I asks the court to limit Dunkin' to recovering fees based on the rate that Spring Hill's counsel charged his client—$177.19 per hour.

I find that Dunkin's rate is reasonable. "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Dunkin' argued convincingly that this rate is a fair market rate. The fact that Dunkin's lawyer charged Dunkin' more than Spring Hill's lawyer charged Spring Hill and Spring Hill still prevailed does not mean that Dunkin's lawyer should have charged a much lower rate. Dunkin' is an international corporation operating in approximately 30 countries. Its trademark and business reputation are at the heart of its operations. As such, Dunkin' is entitled to retain counsel of their choice. Here, Dunkin' chose to retain both a firm and a lawyer with vast experience in franchise law and trademark protection, headquartered in New York City, and operating internationally. The hourly rate charged, $495, is entirely reasonable for representation of that caliber.

I decline Claudia I's request to require Dunkin' "to provide an itemization of the number of attorney hours spent on this matter so that we may calculate the actual amount due for reasonable counsel fees using the hourly rate of $177.19 per hour." Claudia I's Opposition to the Parties' Applications for Counsel Fees. ¶ 22. Dunkin's Motion for an Award of Counsel Fees, filed almost two weeks before Claudia I filed its opposition, included over one hundred pages of invoices detailing its fee calculation. Furthermore, requiring additional calculations would serve no purpose because I find Dunkin's hourly rate is reasonable and does not need to be recalculated.

Accordingly, I will grant Dunkin's request for $203,803.34 in fees and expenses against Claudia I.

**Spring Hill's Request for Fees**

There are three clauses in the Prime Lease that relate to indemnity and legal fees, although Spring Hill only argues that one of these entitles it to fees from Dunkin'.

*Paragraphs 10.7(a) and (b). Mutual Indemnity*

> (a) Tenant shall hold Landlord harmless against any and all claims, damages, suits, expenses (including attorneys fees), or causes of action for damages arising after the Commencement Date resulting from any injury to person or property or loss of life sustained as a result of acts occurring within the Premises, except for a loss arising out of any existing defect or dangerous condition within the Premises at the time the Premises were first occupied by Tenant. The foregoing indemnity in favor of Landlord shall not apply to (i) any injury or damage caused by the gross negligence or willful misconduct of Landlord or Landlord's agents, employees, or contractors, or (ii) any injury or damage Landlord is obligated to insure against by the terms of this Lease.
>
> (b) Landlord shall hold Tenant harmless against any and all claims, damages, suits, expenses (including attorneys fees), or causes of action for damages arising after the commencement Date resulting from any injury to person or property or loss of life sustained as a result of acts occurring in or about the Common Areas and the improvements thereon. The foregoing indemnity in favor of Tenant shall not apply to (i) any injury or damage caused by the gross negligence or willful misconduct of Tenant or Tenant's agents, employees, or contractors, or (ii) any injury or damage Tenant is obligated to insure against by the terms of this Lease.

*Paragraph 20.16. Legal Expenses*

> If either party is required to bring or maintain any action (including assertion of any counterclaim or cross-claim, or claim in a proceeding in bankruptcy, receivership or any other proceeding instituted by a party hereto or by others), the prevailing party in such action shall, in addition to all other payments required herein, receive from the other, all the costs incurred by the prevailing party, including reasonable attorneys' fees.

Spring Hill focuses on Paragraph 20.16 and argues this paragraph entitles it to recover legal expenses from Dunkin' in the present litigation. According to Spring Hill, it was "required to bring or maintain" its defense to Claudia I's third party complaint, and it was the prevailing party against Claudia I's claims.

Dunkin' counters that Spring Hill mischaracterizes Paragraph 20.16. Dunkin' asserts the paragraph, when read in the context of the full lease, is limited to affirmative actions brought by a party to the contract, rather than defenses against third party claims. Moreover, Dunkin' argues, the paragraph only applies when one party to the contract is the prevailing party *against* another party to the contract, and Spring Hill did not prevail against Dunkin'.

I conclude that I must deny Spring Hill's request for attorneys' fees against Dunkin'. Courts must interpret indemnity agreements narrowly. *Jacobs Constructors, Inc. v. NPS Energy Servs., Inc.*, 264 F.3d 365, 371 (3d Cir. 2001) ("Under Pennsylvania law, the court must strictly construe the scope of an indemnity contract against the party seeking indemnification."). Paragraph 20.16 appears to relate to actions between parties to the agreement, giving a party that successfully brings an action against another party to the agreement the right to recover fees from the unsuccessful defendant. In the situation now before me, Dunkin' and Spring Hill are *both* prevailing parties against a third entity. The paragraph does not clearly express any agreement for fee shifting in such a situation.

I also agree with Claudia I that Spring Hill cannot recover attorneys' fees from Claudia I. Spring Hill has long maintained it has no contractual relationship with Claudia I. I agree, at least to the extent that Claudia I is not bound by a legal fee shifting agreement in a Prime Lease to which Claudia I has never acceded.

This result is consistent with the traditional "American Rule" of litigation, which provides "that each side is responsible for the payment of its own costs and counsel fees" unless some exception, such as a "clear agreement of the parties" applies. *McMullen v. Kutz*, 603 Pa. 602, 613, 985 A.2d 769, 775 (2009) (citing *Lucchino v. Commonwealth*, 570 Pa. 277, 282, 809

A.2d 264, 267 (2002), and *Mosaica Academy Charter School v. Com. Dept. of Educ.*, 572 Pa. 191, 207, 813 A.2d 813, 822 (2002)).

Having found no such clear agreement allowing Spring Hill to shift its legal fees to Dunkin' or Claudia I, I deny Spring Hill's request for a fee shifting award.

An appropriate order follows.

                                                               Gerald Austin McHugh, J.
                                                            United States District Judge